UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**WILLIAM DENTON and CHRISTINA DENTON**                                **PLAINTIFFS**


**V.**                                                    **CIVIL ACTION NO.1:06CV676 LTS-RHW**


**DONALD LAMEY, SR. and**
**STATE FARM FIRE & CASUALTY COMPANY**                                  **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiffs William and Christina Denton's motion to remand.  For the reasons set out below, this motion will be granted.

The Complaint alleges that during and after the construction of their residence at 1305 Gallery Street, Pascagoula, Mississippi, Plaintiffs requested that Defendant Donald Lamey, Sr. (Lamey) procure a flood insurance policy on their property.   Lamey is a local insurance agent who represents Defendant State Farm Fire and Casualty Company. (State Farm) Plaintiffs assert that Lamey negligently failed to procure the flood insurance coverage the plaintiffs requested and thereby caused them to sustain uninsured water damage losses during Hurricane Katrina.

The Complaint alleges that Plaintiffs made a total of three requests to Lamey for flood insurance coverage.

The first request for flood insurance was alleged to have been made when construction on the plaintiffs' residence began in December 2003. (Complaint Paragraph 7) The Complaint alleges that Lamey "advised Christina that he could not procure flood insurance for a concrete slab and that she should call back when the walls of her new home had been constructed, at which time he would procure flood insurance." (Complaint Paragraph 9)

The Complaint alleges that during September 2004, plaintiffs made a second request that Lamey procure a flood insurance policy for their residence. (Complaint Paragraph 10)

The Complaint alleges that in January 2005, at the time construction was almost complete the plaintiffs made a third request that Lamey procure flood insurance. (Complaint Paragraph 11)

The Complaint alleges that at the time this third request was made, one of Lamey's employees assured Plaintiff Christine Denton that she would be provided with quotes for both a homeowners policy and a flood policy. (Complaint Paragraph 11) The Complaint alleges that quotes were presented to Plaintiff Christine Denton for both a homeowners policy (with a premium of between $1,200 and $1,300) and for a flood policy (with a premium of $300). (Complaint Paragraph 12) The Complaint alleges that the plaintiffs paid a total premium of $1,800 with the belief that they were paying premiums for both a homeowners policy and a flood policy. (Complaint Paragraph 13)

No flood insurance policy was ever issued, and the plaintiffs have charged Lamey with negligence in his failure to procure the flood policy they contend they three times requested and Lamey, through his employee, agreed to procure.

Lamey and State Farm deny the material allegations of the Complaint.

Lamey is a Mississippi resident citizen, as are the plaintiffs.  If the plaintiffs have stated a valid cause of action against Lamey, this Court does not have subject matter jurisdiction under 28 U.S.C. §1332.

This case was removed from the Circuit Court of Jackson County, Mississippi, based upon the defendants' allegation that Lamey was fraudulently or improperly joined as a party defendant and that his citizenship could therefore be disregarded in ascertaining whether this action is removable under 28 U.S.C. §1446.

The sole question before me is whether, assuming the truth of the allegations made in the complaint, and granting the plaintiffs all favorable inferences of fact in support of their theory of recovery, the plaintiffs have a reasonable probability of establishing a right of recovery against Lamey individually.  In making this inquiry, I must not only accept all the substantive allegations of the Complaint as true and grant all inferences favorable to the plaintiffs' theory of recovery against Lamey, but I must also resolve all doubtful issues of law in favor of the plaintiffs.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Mississippi law recognizes a duty of reasonable care owed by one who undertakes to act as an agent to procure insurance coverage.  If the plaintiffs can substantiate the allegations they have made against Lamey, there is at least a reasonable probability that they would state a cause of action for negligence under Mississippi law. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

If Lamey or his employees knew that the plaintiffs wanted to purchase flood insurance coverage and, if, by words or actions, including the quoting of separate premiums and the collection of an amount approximately equal to both premiums quoted, led the plaintiffs to reasonably expect that Lamey would secure the flood

coverage they requested, and if Lamey then failed to secure that coverage without notifying the plaintiffs that the coverage would not be bound, the plaintiffs would, in my opinion, establish a prima facie case of negligence. These are all big ifs, and I certainly do not intend to suggest by these observations that I hold any opinion on the merits of the plaintiffs' claim against Lamey.

Deciding the merits of a claim based on allegations of negligence requires a fact-intensive inquiry, and the specifics of the conversations involved, the circumstances of these conversations, and the other details surrounding these transactions may establish valid defenses to the plaintiffs' claims. But at this juncture, the legal standard for determining whether there has been a fraudulent or improper joinder requires that the plaintiffs be given the benefit of the doubt on all of these issues. I am of the opinion that the allegations of the complaint are sufficient to withstand a motion to dismiss under Rule 12(b)(6), and this is essentially the same legal standard I must apply in ascertaining whether a fraudulent or improper joinder has occurred.

Accordingly, I will grant the plaintiffs' motion to remand. I have read and considered the affidavit submitted by Lamey, and while the statements in Lamey's affidavit are sufficient to create a genuine issue of material fact with respect to the plaintiffs' allegations against him, this affidavit does not negate the material allegations of the complaint.

An appropriate order will be entered.

**DECIDED** this 7th day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge